## AMERICAN MORTGAGE CORPORATION v. WESTERN FINANCE CORPORATION et al.

### No. 7579.

Court of Civil Appeals of Texas. Austin.

April 8, 1931.

BAUGH, J.

Appeal is from the order of the district court overruling appellant's plea of privilege

to be sued in Dallas county, the place of its residence. The Western Finance Corporation sued the appellant, also a corporation, and B. W. Draper, who resided in Tom Green county, upon certain itemized accounts for storage by it at San Angelo of automobiles alleged to belong to appellant. It alleged, among other things, that B. W. Draper sold to plaintiff corporation on or about October 14, 1929, his properties and assets in San Angelo, and assigned to it certain accounts due him for storing automobiles.

Appellee filed its controverting affidavit to said plea, a hearing was had thereon, and the plea overruled. Appellant brings two assignments, one asserting the insufficiency of the controverting plea, and the other the insufficiency of the proof to sustain venue in Tom Green county.

We have read carefully the pleadings and the statement of facts, and sustain both assignments. The controverting affidavit and the plaintiff's petition disclose upon their face that the debt sued upon was merely an open account against appellant. Nor was it anywhere alleged or proven that such account was based upon any contract in writing or written promise to pay the same; nor does the pleading or the proof in any manner show that the codefendant, B. W. Draper, who resided in Tom Green county, was a necessary party, nor in any manner liable to the plaintiff for payment of such account, or any part of it. Plaintiff alleged that B. W. Draper assigned to it certain accounts for storage due him, the nature, character, amounts, or due dates not being specified, along with all of his property, on or about October 14, 1929. The list of itemized accounts sued upon show upon their face that all of them accrued subsequent to October 14, 1929, and consequently could not have been assigned at that time by Draper to the plaintiff corporation. The petition, the controverting affidavit, and the proof show nothing more nor less than an itemized open account in favor of the plaintiff against the appellant, on which the resident defendant, B. W. Draper, was not shown to have been in any manner liable. There being no written obligation alleged nor proven, no lien asserted against the property of the appellant located in Tom Green county, and no other fact giving venue in that county against appellant, the trial court should have granted appellant's plea of privilege.

Under article 2007, R. S. 1925, when the venue of a suit is challenged by a proper plea of privilege, it is incumbent upon the plaintiff to both allege and prove "specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending." See article 2007, Vernon's Annotated Tex. Statutes, and numerous annotations thereunder.

At most the controverting affidavit in the instant case merely alleged general conclusions, and wholly failed to allege or prove specific facts required by the statute to retain venue in Tom Green county.

Appellee has not briefed the case, and nothing would be added to the jurisprudence of the state by discussing here either the facts or the holdings of the courts on the issues raised. Judgment of the trial court is reversed, and the cause remanded, with instructions to transfer the case to the district court of Dallas county, in accordance with said plea of privilege.

Reversed and remanded, with instructions.